O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1789 AHM (VBKx) | Date | March 24, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On March 16, 2009, Defendant Aurora Loan Services LLC ("Aurora") removed this action on the basis of federal question jurisdiction under 28 U.S.C. § 1441. Defendant contends that although only one of Plaintiff's six claims for relief relies explicitly on federal law, the rights Plaintiff possesses are actually based on federal law because adjudication of the Complaint requires an analysis of the Truth in Lending Act and "Regulation Z."

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute — here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A removing defendant must set forth "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

Defendant's statement is short, but it is not plain to the Court why Plaintiff's claims arise under federal law. Although one of the claims in the Complaint seeks a declaratory judgment pursuant to the Truth in Lending Act, on its face the remaining claims are clearly brought under state law. If in fact five of the six claims in the Complaint are brought under state law, it is very unlikely that the Court will exercise supplemental jurisdiction over those claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966) ("[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.")

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | March 24, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

      Accordingly, Defendant is ORDERED TO SHOW CAUSE in writing by not later than **April 1, 2009** why and how Plaintiff's claims are actually based on state law. Failure to respond on or before that date will be construed as consent to remand.

      The Court also notes that Aurora states in its Notice of Removal that "Aurora was not served with the Complaint; rather, Aurora was given notice of Plaintiff's *ex parte* application for a temporary restraining order on March 9, 2009." Defendant failed to attach this application for a temporary restraining order, and to inform this Court whether the application was adjudicated by the state court. *See* 28 U.S.C. § 1446(a) ("A defendant . . . desiring to remove any civil action . . . shall file in the district court . . . a copy of all process, pleadings, and orders served upon such defendant . . . ."). Defendant is therefore ORDERED to file a copy of all relevant documents by not later than **April 1, 2009**. As of now, the Court has no basis to even consider any temporary restraining order.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |