AKERMAN SENTERFITT LLP
JUSTIN D. BALSER (CA SBN 213478)
Email: justin.balser@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

AKERMAN SENTERFITT LLP
JUSTIN D. BALSER (CA SBN 213478)
Email: justin.balser@akerman.com
The Kittredge Building
511 Sixteenth Street, Suite 420
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for Defendant
AURORA LOAN SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MELVIN SARTAIN,<br><br>             Plaintiff,<br><br>v.<br><br>AURORA LOAN SERVICES, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., QUALITY LOAN SERVICE CORPORATION; and DOES 1-25, and CORPORATE ROES 1-25, inclusive<br><br>             Defendants. | Case No. 2:09-cv-1789 (AHM) (VBKx)<br>Hon. A. Howard Matz<br><br>**DEFENDANT AURORA LOAN SERVICES LLC'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE; STATEMENT IN FURTHER SUPPORT OF NOTICE OF REMOVAL OF ACTION**<br><br>Complaint Filed: January 5, 2009<br>Trial Date: None |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant Aurora Loan Services LLC (**Aurora**), in response to the Court's minute order dated March 24, 2009, respectfully submits this response to the Court's Order to Show Cause:

## I. STATEMENT OF THE CASE

On January 5, 2009, plaintiff commenced an action in the Superior Court of the County of Santa Barbara, styled *Melvin Sartain v. Aurora Loan Services, LLC, et al.* No. 1304897. Defendant Aurora filed a Notice of Removal on March 16, 2009. On March 24, 2009, the Court ordered Aurora to show cause on or before April 1, 2009, why and how plaintiff's claims are actually based on state law, on pain of remand. Defendant presumes, in the context of the Court's entire March 24, 2009 Order, that the Court demands a showing why plaintiff's claims arise under *federal* law, the position Aurora has advanced in its Notice of Removal.

## II. FEDERAL COURT SUPPLEMENTAL JURISDICTION

### A.  Plaintiff's Complaint

The complaint purports to assert six causes of action, of which only one is explicitly founded on federal law. The first cause of action for an injunction is based on the Truth-in-Lending Act (**TILA**), 15 U.S.C. §§ 1601, *et seq.* and Regulation Z, 12 C.F.R. § 226.1, *et seq.* (*See* Exhibit A to the Notice of Removal; the Complaint dated January 2, 2009 (**Compl**.) ¶¶ 14, 15, 21, 22, 23, 24). TILA and its implementing regulation, Regulation Z, mandate particular types of disclosure by lenders in some types of consumer loans. If TILA applies to plaintiff's loan, a question will then arise whether Aurora violated the substantive mandates of the statute and regulations.

### 1)  Plaintiff's First Cause of Action

The first cause of action, under TILA and Regulation Z, includes no specific factual allegations. It does refer to the general factual allegations. (Compl. ¶ 20). Those include only one disclosure-related complaint: that defendants did not disclose the effect of a yield spread premium (YSP)[1] on his loan. Plaintiff presents the other five causes of action as state law claims, but, upon closer examination, will succeed or fail based, in whole or in part, on determinations of federal law. Analysis of the TILA

---

[1] "A YSP is a fee paid by mortgage lenders to mortgage brokers based on the difference between a loan's interest rate. (*See* Compl. at 2, n.1).

{DN002103;1} 2

and Regulation Z claims, or, at the very least, analysis of facts nearly identical to those in question in the TILA and Regulation Z claims, will be necessary to resolve the state law claims.

### 2) Plaintiff's Second Cause of Action

The second cause of action pleads for declaratory relief. Plaintiff seeks to declare defective the notice of default filed by the trustee under California *Civil Code* § 2924c. However, the reason – the only reason – plaintiff claims a defect in the notice of default is that the notice was "based upon the undisclosed effect of the YSP." (Compl. ¶ 34). The only disclosure-mandating legal authorities referenced anywhere in plaintiff's complaint are TILA and Regulation Z, the claims under which are incorporated by reference in the second cause of action. (Compl. ¶ 27). In other words, plaintiff's second claim seeks declaratory relief because he asserts that the notice of default is void based on nondisclosure of the YSP, in violation of TILA and Regulation Z – and no other reason. Therefore, the ultimate resolution of the second cause of action depends on whether or not Aurora violated federal laws.

### 3) Plaintiff's Third Cause of Action

The third cause of action seeks to cancel the trustee's deed, trustee's sale, notice of sale, and notice of default. (Compl. ¶¶ 38-44). As with the second cause of action, plaintiff claims defects pursuant to *Civil Code* § 2924c. And once again, the sole reason plaintiff gives for this defect is "the undisclosed effect of the YSP." (Compl. ¶ 44). Plaintiff does not offer any specific allegation why the effect of the YSP supposedly had to be disclosed, but he again incorporates his TILA and Regulation Z allegations by reference, apparently basing the obligation to disclose on those federal mandates. (Compl. ¶ 44). Therefore, resolution of the third cause of action will also require a judicial determination of whether Aurora violated the requirements of TILA and Regulation Z.

#### 4) Plaintiff's Fourth Cause of Action

In the fourth cause of action, plaintiff requests rescission of the loan agreement based on the fraudulent concealment of the "effect of the YSP." (Compl. ¶ 47). In the case of a fraudulent concealment, the plaintiff must show that the defendant was under a legal duty to disclose the hidden fact. *Buckland v. Threshold Enter. Ltd.*, 155 Cal. App. 4th 798, 806-07 (2007). As with his third cause of action, plaintiff does not specify why the "effect" had to be disclosed in this fraud claim, but he incorporates prior allegations, *i.e.*, TILA and Regulation Z, (Compl. ¶ 45), and appears to base the claim on those violations. Even if he does not rely on TILA or Regulation Z, the key facts underlying the fraud claim are the manner in which the loan-related disclosures were made, the same facts to be developed in the first cause of action stating federal questions.

#### 5) Plaintiff's Fifth Cause of Action

Plaintiff's fifth cause of action, for rescission based on unilateral mistake of fact, is explicitly grounded in federal law. What plaintiff claims not to have known was the "effect of the YSP on the note rate of interest and monthly payments expected by Plaintiff." (Compl. ¶ 56). In the very next paragraph, plaintiff claims it would be unconscionable to enforce the deed of trust against him because of defendants' supposed violation of "federal Truth-in-Lending policies and regulations that require and mandate specific disclosures of terms and conditions of the note and its interest rate." (Compl. ¶ 57). Here again, an alleged disclosure duty under TILA is integral to a claim ostensibly under California law.

#### 6) Plaintiff's Sixth Cause of Action

The sixth and final cause of action seeks to quiet title to the real property at 185 El Sueno Road in Santa Barbara. "Plaintiff seeks determination against all Defendants by cancellation and rescission of the Trustee's Deed and the Deed of Trust since Defendants assert a fee simple in the Property." (Compl. ¶ 64). Plaintiff asserts no

1  grounds for cancellation of the instruments in question. He does, however, incorporate
2  the previous paragraphs of his pleading. (Compl. ¶ 61). He relies on the supposed
3  violations of TILA and Regulation Z as the grounds on which to quiet title to the
4  property.

### B.  Application of Pertinent Law

The first cause of action, pursuant to TILA and Regulation Z, presents a federal question and will proceed in this district court. The issue is whether there exists supplemental jurisdiction over the remaining five causes of action in the complaint. As a general matter, the Court should exercise supplemental jurisdiction when state and federal claims arise out of the same facts and constitute a single case or controversy. *See* 28 U.S.C. § 1367(a); *Executive Software of N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1555 (9th Cir. 1994). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together. *E.g.*, *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

If the "common nucleus" test of § 1367(a) is met, the only bases on which the Court may decline jurisdiction are set forth in § 1367(c). *Executive Software*, 24 F.3d at 1556. There are four grounds under that subsection: (1) that the claim raises novel or complex issues of state law, (2) that the supplemental claims substantially predominate over the claim providing original jurisdiction, (3) that the district court has dismissed all claims which provided original jurisdiction, and (4) in exceptional circumstances, other compelling reasons. 28 U.S.C. § 1367(c). Among these factors, the Court appears to have concerns only about the second factor, i.e., whether issues under California law substantially predominate.

In this case, the federal and state law claims arise from a common nucleus of facts. The first cause of action alleges deficiencies in loan-related disclosures which

1  plaintiff claims are actionable under TILA and Regulation Z. The second, third, fourth,
2  fifth and sixth causes of action all explicitly or implicitly invoke the very same alleged
3  deficiencies. Determinations of what disclosures were made, and what disclosures
4  TILA and Regulation Z required in this situation, are essential to the resolution of all
5  causes of action, whether asserted as federal or state claims. Therefore, the causes of
6  action superficially raised under state law "necessarily raise a stated federal issue,
7  actual and substantial" which this Court can entertain without upsetting the
8  congressionally-approved division of duties between state and federal courts. *See*
9  *Grable & Sons Med. Prod. v. Darue Eng'g. & Mfg.*, 545 U.S. 308, 314 (2005);
10 *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold &*
11 *Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1102
12 (9th Cir. 2008) (affirming lower court's decision declining to exercise supplemental
13 jurisdiction because plaintiff was not seeking to enforce defendants' obligations under
14 the Natural Gas Act).

15  The court faced exactly the same supplemental jurisdiction question which this
16 Court has raised in the recent case of *Marcelos v. Dominguez*, No. C 08-00056 WHA,
17 2008 WL 2788173 (N.D. Cal. July 18, 2008). Plaintiff had only one federal claim,
18 under TILA, but several state law claims. *Id*. at *4. The court held that the state law
19 claims, notwithstanding their greater number, did not substantially predominate over
20 the federal question. The court explained that the case was not an instance of "allowing
21 a federal tail to wag what is in substance a state dog." *Id*. at *4 (*quoting Borough of*
22 *West Miflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995)). As in this case, *Marcelos*
23 involved claims, including a state law claim of fraud, related to the origination of a
24 residential mortgage loan. *Marcelos* found no countervailing state interest which
25 would favor remand. *Id*. at *4. There is also no special state interest favoring remand
26 in this matter. On the question of supplemental jurisdiction, *Marcelos* is
27 indistinguishable from the instant matter. The resolution of the TILA and Regulation Z
28

claims predominates over any state law issues; indeed, as pled, it is hard to see how any of plaintiff's state law claims could succeed.

Even if the Court believes that plaintiff's state law claims "substantially predominated" within the meaning of 28 U.S.C. § 1367(c), it must still decide whether remand of such claims comports with the values of "economy, convenience, fairness, and comity." *E.g.*, *Executive Software*, 24 F.3d at 1557 (internal quotation omitted). The principal facts of plaintiff's claims – state and federal – substantially overlap where they are not identical. Therefore, remanding the second through sixth causes of action to Superior Court would needlessly duplicate judicial efforts and cause unfair and inconvenient expense to all parties.

### III. COMPLIANCE WITH 28 U.S.C. § 1446(a)

In compliance with 28 U.S.C. § 1446(a) and the Court's Order dated March 24, 2009, Aurora has obtained from the State Court copies of all records on file therein. *See* Exhibit 1m attached hereto. According to records in the Santa Barbara County Superior Court Clerk's Office, an order was entered granting the temporary restraining order. However, Aurora has not received that purported service because it was sent to an attorney not representing Aurora in the unlimited civil case or the undersigned counsel. Aurora apologizes for not providing this information in its Notice of Removal.

### IV. CONCLUSION

For the above-stated reasons, plaintiff's purported state law claims arise from a common nucleus of operative fact as the federal claims. Therefore, this Court should exercise its supplemental jurisdiction to hear all claims presented in the complaint.

Dated: March 27, 2009

Respectfully submitted,

**AKERMAN SENTERFITT LLP**

By: */s/ Justin D. Balser*
    JUSTIN D. BALSER
Attorneys for Defendant
AURORA LOAN SERVICES LLC

{DN002103;1} 7

# PROOF OF SERVICE BY OVERNIGHT DELIVERY COURIER

STATE OF COLORADO, CITY AND COUNTY OF DENVER

I am employed in the City and County of Denver, State of Colorado; I am over the age of 18 years and not a party to this action. My business address is 511 Sixteenth Street, Suite 420, Denver, Colorado 80202.

On March 27, 2009, I served the following document(s) described as:

**DEFENDANT AURORA LOAN SERVICES LLC'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE; STATEMENT IN FURTHER SUPPORT OF NOTICE OF REMOVAL OF ACTION**

☒ by enclosing the documents in an envelope or package provided by an overnight delivery carrier and addresses to the persons at the addresses as stated below:

Mark A. Shoemaker, Esq.

3750 E. Anaheim Street, Ste. 201

Long Beach, CA  90804


☒ BY FEDERAL EXPRESS *

☐ BY EXPRESS MAIL USPS)*

☐ BY _____ *

I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 27, 2009, at Denver, Colorado.

*/s/ Toni M. Domres*
Toni M. Domres

* **(SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)**

{DN002103;1}8

---
PROOF OF SERVICE