O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

    On January 5, 2009, Plaintiff Melvin Sartain filed this action in California Superior Court. Plaintiff, who defaulted on his home refinancing loan, alleges that he is entitled to rescission of the loan, which is now owned by Defendant Aurora Loan Services, LLC ("Aurora"), because Aurora and the beneficiary of the loan, Defendant Mortgage Electronic Registration Systems, allegedly failed to disclose the effects of a "Yield Spread Premium" ("YSP") on his note rate, monthly payments, and finance charges. Plaintiff also alleges that he is entitled to a credit equivalent to the amount he paid to cover the YSP. Plaintiff also alleges that he sent Defendants a notice of rescission pursuant to the federal Truth In Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"). Plaintiff's Complaint alleges claims for: (1) declaratory relief pursuant to TILA; (2) declaratory relief, apparently pursuant to California Civil Code § 2924c, *et seq.*, which sets forth the procedure for foreclosing on a security by trustee's sale; (3) "cancellation of trustee's deed, trustee's sale, notice of sale and notice of default," also apparently pursuant to California Civil Code § 2924c, *et seq.*; (4) rescission based on fraud, pursuant to California Civil Code § 1689; (5) rescission based on unilateral mistake of fact, also pursuant to California Civil Code § 1689; and (6) quiet title.[1]

---

[1] Plaintiff also filed in state court an application for a temporary restraining order ("TRO") enjoining Aurora from locking Plaintiff out of his home. According to documents attached to Aurora's response to this Court's Order to Show Cause, the state court entered such a TRO on March 10, 2009. It also issued an order for Aurora to show cause at a hearing on April 30, 2009 why the court should not issue a preliminary injunction. Aurora states in its response to this Court's Order to Show Cause that the TRO has not been served on it. The TRO expires on April 30, 2009, and there is

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

On March 16, 2009, Aurora filed a notice to remove this action on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Aurora contends that although five of Plaintiff's claims are purportedly brought under California state law, they all necessitate a determination of federal law (specifically, TILA and the regulations promulgated under it). Aurora also contends that as to any of the claims that are actually state law claims, this Court has supplemental jurisdiction because they "form part of the same case or controversy" as the federal claims.

This Court was not satisfied with Aurora's explanation of this Court's jurisdiction over claims 2-6, and on March 24, 2009 I ordered Aurora to show cause why this case should not be remanded. Aurora filed its response on March 27, 2009, and for the reasons stated below the Court finds that it has jurisdiction over all of Plaintiff's claims.

## I.   LEGAL STANDARDS FOR REMOVAL

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute — here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A removing defendant must set forth "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

A Plaintiff may not defeat removal of a federal claim by "artfully pleading" it as a state claim. *See generally Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983). This "artful pleading" doctrine applies primarily to areas completely preempted by federal law. William W. Schwarzer, *et al.*, California Practice Guide: Federal Civil Procedure Before Trial § 2:714 (2007). The "artful pleading" rule does not, however, apply when the plaintiff has a viable state law claim in addition to a federal claim and chooses to sue on the state claim. *Id.* at § 2:713 (citing *Redwood Theatres, Inc. v. Festival Enters., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990).

## II.   DISCUSSION

---

currently no hearing on a preliminary injunction set in this Court.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

Several of Plaintiff's claims are premised on the allegation that Defendants failed to disclose important information about his home loan. These claims are subject to preemption under 12 C.F.R. § 560.2, a regulation promulgated by the federal Office of Thrift Supervision ("OTS") pursuant to the Home Owners' Loan Act of 1933 ("HOLA"). Section 560.2 reads *inter alia*:

> To enhance safety and soundness and to enable federal savings associations to conduct their operations in accordance with best practices (by efficiently delivering low-cost credit to the public free from undue regulatory duplication and burden), *OTS hereby occupies the entire field of lending regulation for federal savings associations.* OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section . . .

12 C.F.R. § 560.2 (emphasis added). Section 560.2(b) goes on to list specific types of state laws are preempted, including "state laws purporting to impose requirements regarding . . . [l]oan-related fees . . . [and] [d]isclosure and advertising, including laws requiring . . . information . . . to be included in . . . credit contracts, or other credit-related documents . . . ." Section 560.2(c) provides that certain enumerated types of state laws "are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section . . ."

Recently, in a case called *Silvas v. E*Trade Mortgage Corp.* the Ninth Circuit applied 12 C.F.R. § 560.2 to hold that state law claims premised upon certain violations of TILA are completely preempted by federal law. 514 F.3d 1001 (9th Cir. 2008). The reasoning of *Silvas* applies to this case.

In *Silvas*, mortgage applicants sued E*Trade for failing to refund allegedly unlawful "lock-in fees" after the applicants validly rescinded their mortgages. The plaintiffs alleged two claims under California's Unfair Competition Law ("UCL"), §§ 17200 and 17500 of the California Business and Professions Code, that were predicated

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

exclusively on violations of TILA. The Ninth Circuit noted that although there is a strong presumption against federal preemption of state law, this presumption is inapplicable to banking because there is a long history of extensive federal regulation of the field. *Id.* at 1104-05. *Silvas* specifically cited 12 C.F.R. § 560.2(b), which preempts state laws that purport to impose requirements regarding loan-related fees, and regarding disclosures and advertising, "including laws requiring . . . information . . . to be included in . . . credit contracts, or other credit-related documents . . . ." 12 C.F.R. § 560.2(b)(5) and (9).

The OTS has outlined the procedure for evaluating whether a state law is preempted under § 560.2(b):

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).

In *Silvas*, the plaintiffs' UCL claims alleged that E*Trade violated the UCL by including false information on its website and charging unlawful lock-in fees. The Ninth Circuit found that these claims were based on E*Trade's disclosures and advertising, and on its loan-related fees. *Id.* Because these types of claims are specifically addressed by 12 C.F.R. § 560.2(b), the Ninth Circuit did not reach the question of whether the UCL claims fit within the confines of § 560.2(c).[2] The court stated in a footnote, however, that if it did reach the issue it would reach the same result because "[w]hen federal law preempts a field, it leaves 'no room for the States to supplement it.'" *Id.* at 1007 n.3 (citing *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). Finally, the Ninth

---

[2] The plaintiffs argued that their claims fit under §§ 560.2(c)(1) and (4) because they were founded on California contract, commercial, and tort law.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

Circuit concluded that TILA's savings clause providing that TILA does not preempt state law unless the state law is inconsistent with TILA, 15 U.S.C. § 1610(b), did not trump HOLA or the OTS regulations.

In this case, Plaintiff Sartain's fourth and fifth claims — for rescission based on fraud and unilateral mistake — are purportedly grounded in state law contract and fraud doctrines, but they are clearly directed at enforcing Defendants' responsibility to disclose information about a home loan. Plaintiff's claim for rescission based on unilateral mistake even alleges explicitly that enforcement of the loan would be unconscionable because, among other things, TILA mandates specific disclosures of accurate figures such as finance charges. These claims therefore fall squarely within the scope of 12 C.F.R. § 560.2(b). Thus, as in *Silva*, this Court need not consider whether Plaintiff's claims fit under § 520.2(c).

Plaintiff's second and third claims are purportedly based on California Civil Code § 2924c. That provision allegedly requires that a notice of default set forth the amount of the alleged breach. Plaintiff alleges in both claims that the Notice of Default issued to him was "defective based upon the undisclosed effect of the YSP" on the loan rate, and must therefore be rescinded. Compl. ¶¶ 34, 44. It is not clear at this stage whether these claims are rooted in the alleged failure to disclose information related to the loan — in which case they would likely be preempted by C.F.R. § 560.2 — or whether they arise under some other duty specified by California Civil Code § 2924c. If it is the former, this Court clearly has subject matter jurisdiction. If it is the latter, this Court has supplemental jurisdiction because the claim arises out of the same nucleus of operative fact as the federal claims. The claims are so related that it would be imprudent for the Court not to exercise supplemental jurisdiction.

Finally, as to the sixth claim for quiet title, Plaintiff asserts no grounds for rescinding the deed, but incorporates the previous allegations of the Complaint. Thus, for the reasons stated above, the Court has subject matter or supplemental jurisdiction over this claim.

For the foregoing reasons the Court DISCHARGES its March 24, 2009 Order to

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

Show Cause and finds that it has jurisdiction over all of Plaintiff's claims.[3]

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |

---

[3] Docket No. 6.