O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | May 18, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

  This home foreclosure case was removed from state court on March 16, 2009. Plaintiff sued Aurora Loan Services, LLC ("Aurora"); Mortgage Electronic Registration Systems, Inc.; Quality Loan Service Corporation; Does 1-25; and Corporate Roes 1-25. Aurora removed the case and it is the only defendant who has entered an appearance in this Court.

  On October 31, 2006, Plaintiff refinanced his mortgage with a loan from Homecomings Financial LLC. At the time, Homecomings made a "yield spread premium" ("YSP") payment to the mortgage broker, and the alleged failure to disclose the *effect* of the YSP on the interest rate and loan payments is the basis for all of the claims in this action (Plaintiff acknowledges that the YSP itself was disclosed).[1] Plaintiff stopped making monthly mortgage payments in January 2008, and Aurora became the loan's servicer on March 18, 2008. On or about May 19, 2008, the substituted trustee under the deed of trust served and recorded a notice of default and election to sell under deed of trust. On September 9, 2008, Plaintiff sent Homecomings Financial and Quality Loan Service Corp. a notice of rescission of the loan, pursuant to the federal Truth in Lending Act ("TILA"). A trustee's sale nevertheless took place on September 10, 2008, at which Aurora purchased the property. On January 31, 2009, Plaintiff filed for Chapter 7 bankruptcy, but the bankruptcy was dismissed for failure to file schedules or otherwise

---

  [1] A YSP is a fee paid by a mortgage lender to a mortgage broker "based on the difference between the interest rate at which the broker originates the loan and the [] market rate offered by the lender . . . ." *Schuetz v. Banc One Mortg. Corp.*, 292 F.3d 1004, 1005 (9th Cir. 2002).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | May 18, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

comply with the court's orders. Plaintiff filed this action in state court in January 2009, and on March 10, 2009 the state court entered a TRO enjoining Aurora from locking Plaintiff out of his home. The TRO was in effect until April 30, 2009. Plaintiff is still in the home.

Plaintiff alleges claims against all Defendants for: (1) declaratory relief pursuant to TILA; (2) declaratory relief, pursuant to California Civil Code § 2924c, *et seq.*, which sets forth the procedure for foreclosing on a security by trustee's sale; (3) "cancellation of trustee's deed, trustee's sale, notice of sale and notice of default," also pursuant to California Civil Code § 2924c, *et seq.*; (4) rescission based on fraud, pursuant to California Civil Code § 1689; (5) rescission based on unilateral mistake of fact, also pursuant to California Civil Code § 1689; and (6) quiet title.

On April 6, 2009, I discharged an Order to Show Cause re: jurisdiction because I found that claims 1, 4, and 5 were preempted by TILA, the Home Owners' Loan Act of 1933 ("HOLA"), and C.F.R. § 560.2. *See Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001 (9th Cir. 2008). As to the other three claims, I found that it was "not clear at this stage whether these claims are rooted in the alleged failure to disclose information related to the loan — in which case they would likely be preempted by C.F.R. § 560.2 — or whether they arise under some other duty specified by California Civil Code § 2924c." On April 3, 2009, Aurora filed a motion to dismiss all claims against it, and to strike the prayer for punitive damages. On May 7, 2009, Plaintiff filed an ex parte application for a TRO staying the lockout of Plaintiff from his residence and for an OSC re: a preliminary injunction. On May 8, 2009, I issued an order construing the EPA as a motion for a preliminary injunction, based upon the representation of Aurora's attorney that it would not evict Plaintiff before the May 18, 2009 hearing on the motion to dismiss. Aurora then filed an opposition to the motion for preliminary injunction, but Plaintiff has filed no reply.

I GRANT the motion to dismiss and strike, and DENY the motion for preliminary injunction, because Plaintiff has alleged no viable claim that disclosure of the YSP was inadequate.

**I.    ALL OF THE CLAIMS ARE PREEMPTED BY TILA OR DEPENDENT ON PREEMPTED CLAIMS**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | May 18, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

There is no real question that, as I found in my April 6, 2009 Order, claims 1, 4, and 5 are preempted by TILA because they are directed at Defendants' alleged failure to disclose the effects of the YSP on the mortgage's interest rate. The only reason to doubt this finding would be if the originator of the loan were not a savings and loan regulated by federal law, or if Aurora were not otherwise subject to federal regulation under HOLA because it is a loan servicer and not the originator of the loan. *See* 12 C.F.R. § 560.2 ("[The Office of Thrift Supervision] hereby occupies the entire field of lending regulation for federal savings associations.") Plaintiff has not objected to the finding of preemption in any of his papers.

Upon reviewing the Complaint and the arguments made by Plaintiff in his opposition to the motion to dismiss, it is apparent that the other three state law claims are at the very least dependent on a finding that TILA requires the disclosure of the YSP's effect on the loan rate:

- Claim 2 seeks a declaration that Plaintiff is entitled to cancellation of the Trustee Deed and rescission and cancellation of the Notice of Default, Notice of Trustee Sale, and Trustee Sale under Cal. Civil Code § 2924c, *et seq*. Section 2924c requires that notices of default disclose the amount of the alleged breach. Plaintiff contends that the YSP — which amounted to $12,375, or 1.5% of the loan — caused a minimum of a 0.75% increase in the loan rate. Because the effect of the YSP was never properly disclosed, he alleges, the increase should not have been included in the Notice of Default's amount due, thus rendering the Notice deficient and invalid. *See* Compl. ¶¶ 27-34; Motion for PI at 3, 7. Given the preemption analysis in the April 6, 2009 Order, TILA is the only possible basis for requiring disclosure of the YSP's effect on the amount due, and this claim thus depends on a finding that TILA requires disclosure. Moreover, because this claim is based on the alleged failure to disclose the terms of the loan, it too is probably preempted by TILA.

- Claim 3 is almost identical to Claim 2, and seeks cancellation of the Trustee's Deed, Trustee's Sale, Notice of Sale and Notice of Default "[s]ince the default specified in the [Notice of Default] is defective based upon the undisclosed effect of the YSP." Compl. ¶ 44. It is thus dependent on the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | May 18, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

TILA claims, or preempted by TILA, for the same reasons as Claim 2.

- Claim 6 is for quiet title, and states no basis for the claim, other than to incorporate by reference the previous 60 paragraphs. The same reasoning that requires TILA to govern claims 2 and 3 applies to this claim.

I therefore find that all of the claims in the Complaint are premised on a violation of TILA and/or preempted by TILA. The viability of this lawsuit thus depends on whether TILA requires disclosure of the alleged effect of the YSP.

## II.     TILA DOES NOT REQUIRE DISCLOSURE OF THE EFFECTS OF A YSP

Is Plaintiff correct that failure to disclose the impact of the YSP on the loan's interest rate and monthly payment requirements violated TILA? Aurora's first argument against this claim is that a YSP does not cause the interest rate to increase. It argues that the causality runs the other way: when a broker gets the borrower to accept an interest rate that is higher than the lender's par rate, that merely triggers a payment consisting of the YSP to the broker. Other courts have not adopted this view, presumably because the broker may bargain for a higher interest rate so that he can receive the YSP. *Cf. In re Meyer*, 379 B.R. 529, 544 (Bankr. E.D. Pa. 2007) ("Although the yield spread premium serves to increase the rate of interest . . . ."). I need not resolve this metaphysical issue, because even if the YSP does cause the interest rate to increase, TILA does not require the lender to disclose this effect.

The Court notes that Plaintiff does not allege that the lender failed to disclose the YSP, just that it failed to disclose the *effect* of the YSP on the loan's interest rate and monthly payment requirements. *See* Compl. ¶ 8; Motion for PI, Exh. 2 ("Borrower Closing Statement" referenced in Complaint discloses YSP amount); Opp. to MTD at 13 ("[A]ll disclosures that Plaintiff received that disclose the existence of the YSP couch the YSP in terms of a flat fee, not an increase in the interest rate.").

My analysis is based very heavily on the reasoning of Judge Gonzalez, who denied a motion for preliminary injunction in *Hernandez v. Downey Savings & Loan Association*. 2009 WL 703481 (March 17, 2009 S.D. Cal.). There, the plaintiff homeowner sued the originator of the loan and the foreclosure trustee responsible for

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | May 18, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

conducting the trustee's sale on the property. As in this case, the plaintiff alleged claims for violations of TILA, Cal. Civ. Code § 2924, *et seq.*, and rescission based on fraud and unilateral mistake of fact. The court first found that all of these claims were preempted by federal disclosure requirements. *Id.* at *6-7 (relying on *Silvas*). It then found that TILA does not require disclosure of a YSP's effects on a borrower's interest rate. The court reasoned,

> Although the Ninth Circuit has not addressed this issue, other persuasive authority indicates TILA and its implementing regulations do not require lenders to disclose a YSP as part of a loan's finance charge or to explain its impact on a loan's interest rate.
>
> TILA requires lenders to disclose finance charges. 15 U.S.C. § 1632(a). Under TILA, borrower-paid mortgage broker fees qualify as finance charges, whether those fees are paid directly to the broker, or paid directly to the lender for delivery to the broker. 12 C.F.R. § 226.4(a)(3); 15 U.S.C. § 1605(a)(6). However, the Federal Reserve Board has clarified that fees paid "to a broker as a 'yield spread premium' that are already included in the finance charge, either as interest or as points, should not be double counted" on the TILA Disclosure Statement. 61 F.R. 26126, 26127 (1996); 61 F.R. 49237, 49238-49239 (1996); *Stump v. WMC Mortg. Corp.*, 2005 U.S. Dist. LEXIS 4304, at *10-11, 2005 WL 645238 (E.D. Pa. Mar. 16, 2005). *See also In re Meyer*, 379 B.R. 529, 544 (Bankr. E.D. Pa. 2007) ("Although the yield spread premium serves to increase the rate of interest, a lender is not required to break down the components of the finance charge to disclose the separate existence of the yield spread premium as a component of the finance charge."); *Noel v. Fleet Fin., Inc.*, 34 F. Supp. 2d 451, 457 (E.D. Mich. 1998) (under TILA, a lender is not required to break down the components of the finance charge to disclose the separate existence of a yield spread premium).
>
> Here, Downey[, the lender,] disclosed the amount of the YSP, and that amount was added to the total loan amount, to be paid for as part of the interest on the loan; the YSP was therefore included in the loan's finance charge. As such, Downey was not required to break out the components of the finance charge to disclose the separate existence of the YSP. Plaintiff has not shown that Downey failed to make a disclosure that warrants rescission of the note or deed under federal law.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | May 18, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

*Id.* at *7-8.

In this case, there is no dispute that the amount of the YSP was disclosed. *See* Ex Parte Application for TRO, Exh. 2 ("Borrower Closing Statement" showing amount of YSP). The only dispute is whether the alleged *effect* of the YSP on the interest rate and payment obligations must be disclosed. But it stands to reason that if TILA does not even require the YSP to be broken out as a separate charge, it does not require that the lender explain the effect on loan payments and the interest rate need not be explained. Plaintiff has cited no authority to the contrary.

The Ninth Circuit has still not ruled on this issue, but the authorities cited by *Hernandez* remain good law. No other district court in the Ninth Circuit has addressed the issue of whether a lender must disclose the effects of a YSP on the interest rate or loan payments. YSP non-disclosure is almost always challenged under RESPA, *see, e.g., Pagtalunan v. Reunion Mortg., Inc.*, No. C-09-00162 EDL, 2009 WL 961995, at *3 (N.D. Cal. April 8, 2009), and the district courts ruling on TILA's requirements have only suggested that the YSP must be disclosed. They did not discuss whether the *effect* of the YSP on the interest rate must be disclosed. *See, e.g., Anderson v. Wells Fargo Home Mortg.*, 295 F. Supp. 2d 1143, 1146-47 (W.D. Wash. 2003). Plaintiff does not allege that the YSP was undisclosed – just that its *effects* on the interest rate were not disclosed – and cites no authority requiring a lender to disclose the effects of the YSP. Although Aurora relied on *Hernandez* in its reply brief for the motion to dismiss, and Plaintiff had the chance to respond to its analysis in its reply brief for the motion for preliminary injunction, Plaintiff failed to file a reply.

///
///
///
///

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1789 AHM (VBKx) | Date | May 18, 2009 |
|---|---|---|---|
| Title | SARTAIN v. AURORA LOAN SERVICES, LLC, et al. | | |

Based on the reasoning of *Hernandez*, I GRANT Aurora's motion to dismiss[2] because I find that Plaintiff has not stated any viable claims against Aurora. Plaintiff may file an amended complaint by not later than May 22, 2009. Failure to file an amended complaint by that date will result in the automatic dismissal of this case against Aurora, with prejudice.

For the same reasons, I deny the motion for a preliminary injunction,[3] as Plaintiff has not established a probability of success on the merits.[4]

_____ : _____
Initials of Preparer    SMO

---

[2] Docket Nos. 10, 14.

[3] Docket No. 16.

[4] Plaintiff contends in his motion for a preliminary injunction that the Note and Deed were void as a matter of law as soon as he sent the rescission letter on September 9, 2008. But that letter was premised upon the faulty TILA claims. Plaintiff presents no authority that the letter nevertheless was a successful rescission of the loan, and it would defy reason to conclude that it was.